IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KATHRYN ANDRESEN,<br>Special Personal Representative of<br>Jason Andresen, deceased<br><br>    Plaintiff,<br><br>vs.<br><br>TEREX ADVANCE MIXER, INC.,<br>**SERVE:**<br>**CORPORATION SERVICE COMPANY**<br>**135 N. PENNSYLVANIA STREET,**<br>**SUITE 1610**<br>**INDIANAPOLIS, INDIANA 46204**<br><br>TEREX CORPORATION,<br>**SERVE:**<br>**CORPORATION SERVICE COMPANY**<br>**135 N. PENNSYLVANIA STREET,**<br>**SUITE 1610**<br>**INDIANAPOLIS, INDIANA 46204**<br><br>and<br><br>OZINGA BROS. INC.,<br>**SERVE:**<br>**INCORP SERVICES, INC.**<br>**200 BYRD WAY, SUITE 205**<br>**GREENWOOD, INDIANA 46143**<br><br>    Defendants. | CAUSE NO.: 3:21-cv-676<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

COMES NOW Kathryn Andresen, Personal Representative of Jason Andresen, Deceased, and the surviving spouse of Jason Andresen ("Jason" or "Decedent") and for her Complaint against Defendants Terex Advance Mixer, Inc., Terex Corporation, and Ozinga Bros., Inc., states as follows:

## JURISDICTION AND VENUE

1.     Kathryn Andresen is the surviving spouse of Jason Andresen and the duly appointed Special Personal Representative (Administrator) of Jason Andresen, Deceased authorized to bring the wrongful death claims asserted herein.  Prior to Jason's death, Kathryn and Jason Andresen resided together as husband and wife in Elkhart County, Indiana, and during such time Plaintiff was and remains a citizen of the State of Indiana.

2.     Defendant Terex Advance Mixer, Inc. is a Delaware corporate with its principal place of business in Westport, Connecticut.

3.     Defendant Terex Corporation is a Delaware corporation with its principal place of business in Westport, Connecticut. Terex Advance Mixer, Inc. and Terex Corporation are collectively referred to herein as the "Terex Defendants."

4.     The Terex Defendants are licensed to do business in the State of Indiana with registered agents in the state for service of process.  The Terex Defendants maintain offices and facilities for promotion, distribution and sale of products in the state.  At all relevant times, the Terex Defendants had continuing and systematic contacts withing the State of Indiana by delivering products into the stream of commerce with the expectation that they would reach and be used in this state.  The Terex Defendants had minimum contacts with the State of Indiana and were doing business in the state by, among other things, designing, manufacturing, promoting and/or distributing vehicles in the state such as the that which is involved in this litigation.  The causes of action set out herein arise from such contacts.

5.     Defendant Ozinga Bros. ("Ozinga"), Inc. is an Illinois corporation with its principal place of business in Mokena, Illinois.  Ozinga employed the Decedent in the State of Indiana and claims a subrogation in this action pending the state.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship in that Plaintiff is a citizen of Indiana and all of the Defendants are citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. §1391.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Defendant Ozinga is in the business of selling and delivery cement by use of cement-mixing trucks.

8. Terex Defendants are in the business of designing, manufacturing, distributing and selling cement mixing trucks, including front discharge concrete mixers.

9. The Terex Defendants designed, manufactured, distributed and sold the 2015 FD5000 Glider, VIN 5DG8AU5G8F0001174, front discharge concrete mixer that caused injury and death to Decedent as alleged herein (the "Mixer Truck")

10. The Terex Defendants designed, manufactured, distributed and sold the Mixer Truck so that the mixing drum opens to the front of the truck and the cement is discharged by way of a front-facing chute. The Mixer Truck has an elevated platform above and in front of the cab that contains a mounted hopper positioned in-front of the opening of the mixing drum. The hopper raises and lowers hydraulically and/or pneumatically, and there is no other safety mechanism, device or system to retain the hopper in the elevated position.

11. Terex Defendants designed, manufactured, distributed and sold the Mixer Truck with a water source and hosing on the platform as it is known to the Terex Defendants that mixer operators must clean the hopper, chute and drum after each delivery.

12. Terex Defendants knew or should have known that the pneumatic/hydraulic system that elevates the hopper could fail and in fact had failed while in use by mixer operators causing the hopper to unexpectedly drop.

13. Terex Defendants knew or should have known that mixer operators engaged in cleaning the hopper, chute and drum would be in danger when such a failure occurred as they could be struck by the hopper when it unexpectedly fell.

14. At relevant times, Decedent was employed by Defendant Ozinga to (among other things) operate the Mixer Truck, and the Mixer Truck was assigned to Decedent for this purpose.

15. On December 11, 2020, Jason was on the platform above the cab of the Mixer Truck cleaning the hopper, chute and drum when the hopper fell unexpectedly crushing him between the hopper and drum and causing his death.

16. At the time of the above incident, Jason was using the Mixer Truck as intended and in a manner reasonably foreseeable to the Terex Defendants.

17. The Mixer Truck was in substantially the same condition at the time of the above incident as it was at the time the Terex Defendants placed it into the stream of commerce.

18. At the time the Mixer Truck left the control of the Terex Defendants, it was defective and unreasonably dangerous for its intended and foreseeable purpose. The design, manufacture and assembly rendered the product defective. The Terex Defendants failed to adequately inspect, guard, warn, instruct, and/or test the Mixer Truck prior to distribution and sale.

19. Prior to December 11, 2020, Terex Defendants were aware of the high probability of serious injury or death to operators of the Mixer Truck. Terex Defendants had knowledge that mixer operators frequently worked on the elevated platform near the hopper and drum; that the pneumatic/hydraulic system on the Mixer Truck was prone to fail; and that the Mixer Truck had

no redundant safety mechanism to protect operators from injury or death in the event of such a failure.

20. Despite such knowledge, Terex Defendants designed and manufactured the Mixer Truck without adequate safety devices/systems to prevent foreseeable and catastrophic injuries.

## COUNT I

### STRICT LIABILITY – TEREX DEFENDANTS

21. Plaintiff re-alleges and restates each of the allegations asserted above as if set forth fully herein.

22. Terex Defendants designed, manufactured, supplied and/or distributed a defective and unreasonably dangerous product.

23. The Mixer Truck was defectively designed and manufactured in that the system used to elevate the hopper was prone to failure and/or did not have adequate redundant safety mechanism to protect operators from injury or death in the event of such a failure and/or failed to guard and shield the operator from the area were the hopper could come crashing down in the event of such failure.

24. On December 11, 2020, Decedent was using the Mixer Truck for the purpose for which it was reasonably intended.

25. The Mixer Truck was expected by the Terex Defendants to reach and did so reach the ultimate user or consumer without substantial change from the date of its manufacture and/or distribution.

26. Terex Defendants are strictly liable to Plaintiff because they designed, manufactured, sold, distributed and placed on the market and in the stream of commerce a defective product, unreasonably dangerous to the user, knowing that the product would reach the

user without substantial change in the defective condition it was in when it left Terex Defendant's control.

27. The defective and unreasonably dangerous condition of the Mixer Truck proximately caused the injuries and death to Decedent and the damages sustained by Kathy Andresen, Special Personal Representative of Jason Andresen, Deceased, including the following:

    a. Loss of wages and financial support in the past and future;

    b. Medical expenses;

    c. Funeral and burial expenses;

    d. Loss of services and consortium (companionship and society) in the past and future;

    e. Loss of love, care and affection; and

    f. All other damages recoverable under Indiana law for wrongful death.

28. Terex Defendants are liable for the injuries and damages sustained as a result of its actions in an amount to be determined at trial.

## COUNT II

### NEGLIGENCE – TEREX DEFENDANTS

29. Plaintiff re-alleges and restates each of the allegations asserted above as if set forth fully herein.

30. At all times relevant, Terex Defendants owed the general public, including Decedent and Plaintiff, a duty to design and manufacturer products that were not defective and/or unreasonably dangerous to use.

31. Terex Defendant breached this duty to Decedent and Plaintiff by designing, manufacturing and marketing the Mixer Truck in a defective and/or unreasonably dangerous condition, in that the system used to elevate the hopper was prone to failure and/or did not have

adequate redundant safety mechanism to protect operators from injury or death in the event of such a failure and/or failed to guard and shield the operator from the area were the hopper could come crashing down in the event of such failure.

32. The Mixer Truck was not materially altered, modified or damaged prior to the incident.

33. The Mixer Truck was dangerously defective for normal foreseeable use because of its unsafe design, defective construction and lack of safety features as described herein.

34. Terex Defendants negligently, recklessly and willfully designed, manufactured and distributed the dangerous and defective Mixer Truck.

35. As a direct and proximate result of the Terex Defendant's conduct, Decedent and Plaintiff sustained the damages alleged herein.

36. Terex Defendants are liable for the injuries and damages sustained as a result of its actions in an amount to be determined at trial.

## COUNT III

### PUNITIVE DAMAGES – TEREX DEFENDANTS

37. Plaintiff re-alleges and restates each of the allegations asserted above as if set forth fully herein.

38. Terex Defendants' actions were willful and wanton, with malice and showed a total disregard for human life. Based upon the acts alleged herein, Terex Defendant knew or should have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in injury, death, and damages. Terex Defendants continued such conduct with malice and/or in reckless disregard of the consequences from which malice may be inferred.

Plaintiff should be awarded punitive damages against Terex Defendants punish Terex Defendants from similar conduct.

## COUNT IV

### DECLARATION OF SUBROGATION INTEREST - OZINGA

39. Plaintiff re-alleges and restates each of the allegations asserted above as if set forth fully herein.

40. Ozinga is an employer for purposes of providing workers compensation benefits under the laws of Indiana. Ozinga has or will pay workers' compensation benefits to Plaintiff for the death of Decedent and may claim a right of subrogation, right of recovery and/or right of reimbursement from the proceeds of any recovery in this action.

41. In the event of a recovery against Terex Defendants in this action, Plaintiff requests a declaration as to what (if any) right Ozinga has to such recovered funds.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as to all Counts as follows:

42. That a trial by jury be had on all issues;

43. That Plaintiff have and recover a judgment for damages in an amount sufficient to fully and fairly compensate Plaintiff for injuries and damages to the fullest extent allowed under applicable law;

44. That the Plaintiff have and recover punitive damages against Terex Defendants for their conduct;

45. That Plaintiff recover costs, including but not limited to court costs in the ause and interest as allowed by law;

46. That upon any recovery from Terex Defendants on the claims asserted herein, the Court declare, decided and determine the right (if any) of Ozinga to such proceeds.

Respectfully submitted,

/s/

Andrew S. Buchanan, MO Bar #53824
James V. O'Brien, MO Bar #31161
BUCHANAN, WILLIAMS &O'BRIEN, P.C.
1105 E. 32nd St., Suite 5
Joplin, MO 64804
Telephone: 417-623-8220
FAX: 417-781-9706
Email: abuchanan@bwoattorneys.com
Email: jobrien@bwoattorneys.com

*ATTORNEYS FOR PLAINTIFF*