UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KATHRYN ANDRESEN,

    Plaintiff,

    v.

TEREX ADVANCE MIXER, INC,

    Defendant.

Case No. 3:21-CV-676 JD

**OPINION AND ORDER**

The Court now considers a motion for judgment on the pleadings brought by Defendant Terex Advance Mixer Inc. (DE 43.) In Defendant's motion, it argues that any independent claims for loss of consortium and punitive damages brought by Plaintiff Kathryn Andresen must be dismissed. (DE 44 at 4.) Defendant also argues that punitive damages may not be recovered under Indiana's wrongful death act. (*Id.* at 5–6.) For the reasons explained below, the Court finds that loss of consortium and punitive damages may not be asserted as independent claims and that punitive damages may not be recovered under Indiana's wrongful death act.

**A.    Factual Background**

Ozinga Bros. Inc. ("Ozinga") is in the business of selling and delivering cement. (DE 36 ¶ 6.) One of the mixing trucks used by Ozinga in its business was a 2015 FD5000 Glider, which was designed, manufactured, and distributed by Terex Advance Mixer Inc. (*Id.* ¶¶ 8, 14.) The truck's mixing drum opened at the front of the truck and the cement discharged from a front-facing chute. (*Id.* ¶ 9.) Next to the drum was a mounted hopper which would raise and lower hydraulically and/or pneumatically, but contained no other safety mechanism. (*Id.*) Mixer operators had to clean the hopper, chute, and drum after each delivery. (*Id.* ¶ 10.)

On December 11, 2020, Jason Andresen was an employee of Ozinga. (*Id.* ¶¶ 14–15.) That day, he was cleaning the hopper, chute, and drum of the mixing truck when the hopper unexpectedly fell on him, crushing him between the hopper and the drum, causing his death. (*Id.* ¶ 15.) In the alternative, Plaintiff alleges that Jason Andresen was caught by the rotating drum and trapped between the hopper and drum, causing his death. (*Id.*)

On September 13, 2021, Kathryn Andresen, as personal representative of Jason Andresen and his surviving spouse, filed her initial complaint. (DE 1.) The Complaint named Terex Advance Mixer Inc., Terex Corporation, and Ozinga as defendants. (*Id.*) Ms. Andresen asserted three claims against Terex Advance Mixer Inc. and Terex Corporation for strict liability, negligence, and punitive damages. (*Id.* ¶¶ 21–38.) In February 2022, Ms. Andresen submitted an amended complaint, which removed Terex Corporation as a defendant and added an additional claim against Terex Advance Mixer, Inc. ("Terex") for loss of consortium.[1] (DE 36 ¶¶ 39–41.)

On March 14, 2022, Terex filed a motion for judgment on the pleadings on the loss of consortium claim (Count III) and the punitive damages claim (Count IV). (DE 43.) This motion has been fully briefed and is ripe for review.

**B.    Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *United Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A moving party is entitled to judgment on the pleadings when it appears

---

[1] On April 21, 2022, this Court dismissed Ozinga as a defendant because the claim brought against it was not ripe. (DE 50.) Accordingly, the only defendant remaining in the action is Terex.

beyond doubt that the non-moving party "cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoors Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The Court is confined to the matters addressed in the pleadings and must review allegations in the light most favorable to the non-moving party. *See Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005). The pleadings include "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)). The Court may also consider documents attached to the motion for judgment on the pleadings provided they are referred to in the plaintiffs' complaint and are central to the plaintiffs' claims. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). Furthermore, the Court is permitted to take judicial notice of public records such as state court documents. *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020).

**C.     Discussion**

There are two distinct issues the Court must address. First, the Court addresses whether Count III ("Loss of Consortium") and Count IV ("Punitive Damages") state permissible independent causes of action. Second, the Court addresses whether Indiana's wrongful death statute allows for punitive damages. The Court addresses each issue in turn.

> ***(1) Count III and Count IV must be dismissed to the extent they are independent causes of action***

Terex asserts that, to the extent Count III ("Loss of Consortium") and Count IV ("Punitive Damages") state independent causes of action, they must be dismissed. The Court agrees.

Neither Count III nor Count IV constitute permissible independent causes of action. As to Count III, Indiana law provides that "there is no independent claim against [the person causing

3

the death of a spouse] for loss of consortium." *Durham ex rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755 (2001) (explaining that the only remedy against the person causing the death of a spouse is pursuant to the "wrongful death statute"). And, as to Count IV, an independent cause of action can never be brought for punitive damages. *Yost v. Wabash Coll.*, 3 N.E.3d 509, 514 (Ind. 2014) ("[W]hile punitive damages has its own requisite elements of proof, such elements do not establish an independent cause of action," but "may be awarded as part of the damages to which a plaintiff may be entitled if successful under a recognized existing cause of action."); *Baker v. Westinghouse Elec. Corp.*, 830 F. Supp. 1161, 1166 (S.D. Ind. 1993) ("[I]ndiana does not recognize a separate cause of action for punitive damages."). Therefore, to the extent these counts set forth separate, independent claims, they must be dismissed. *Payton v. Johnson & Johnson*, No. 420CV00257JMSDML, 2021 WL 1923799, at *13 (S.D. Ind. May 13, 2021) (noting that punitive damages may not be asserted as an independent cause of action, but that the plaintiff "may still pursue punitive damages" on her underlying claim).

Even though punitive damages and loss of consortium cannot stand as independent claims, they may still be asserted as remedies, assuming the underlying claim permits said remedy, regardless of whether they were initially listed in a separate count. In *Yost v. Wabash College*, for instance, the Supreme Court of Indiana considered the trial court's decision to grant summary judgment on the issue of punitive damages where the plaintiff structured his amended complaint so that "Count VI presented claims for punitive damages." 3 N.E.3d at 523. Despite plaintiff asserting punitive damages in a separate count, the Supreme Court of Indiana went on to find that granting summary judgment was inappropriate on the issue of punitive damages because there was sufficient evidence supporting punitive damages to survive summary judgment. *Id.* Meaning, the mere formality of including punitive damages in a separate count did

not preclude the later consideration of punitive damages as a remedy. *See also Payton*, No. 420CV00257JMSDML, 2021 WL 1923799, at *13 (noting that punitive damages may not be asserted as an independent cause of action, but that the plaintiff "may still pursue punitive damages" on her underlying claim). Accordingly, the mere formality of listing a request for loss of consortium damages and punitive damages in separate counts does not mean they cannot be sought if an underlying claim supports them.

### *(2) Punitive damages are not permitted under Indiana's wrongful death statute*

The Court next examines whether the underlying claims permit the plaintiff to seek loss of consortium damages and punitive damages. Here, the underlying claims of strict liability (Count I) and negligence (Count II) are only permitted pursuant to Indiana's wrongful death statute, Indiana Code 34-23-1-1. Where a representative of a deceased party seeks damages for "personal injuries to the deceased party," the cause of action does not generally survive the death of the deceased party. Ind. Code 34-9-3-1; Ind. Code 34-9-3-4; *Ellenwine v. Fairley*, 846 N.E.2d 657, 661 (Ind. 2006) ("Sections 1 and 4 of the Survival Act provide that if an individual who has a personal injury claim or cause of action dies, the claim or cause of action does not survive and may not be brought by the representative of the deceased party unless the individual dies from causes other than those personal injuries."). Ms. Andresen alleges that Terex's negligence "proximately caused the injuries and death to [the] Decedent." (DE 36 ¶ 27.) Accordingly, once Jason Andresen died, Ms. Andresen's claim was for wrongful death. *See Technisand, Inc. v. Melton*, 898 N.E.2d 303, 305 (Ind. 2008) ("The claim here is that Patty died from personal injuries allegedly caused by Technisand. As such, once Patty died, [the representative of Patty's] claim was a claim for wrongful death.").

Under Indiana's wrongful death statute, "[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefore against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission." Ind. Code 34-23-1-1. The statute provides a non-exhaustive list of the damages recoverable in a wrongful death action: "damages shall [include] but not [be] limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission." *Id.* Even though "Indiana has no explicit provision in the general wrongful death statute allowing loss of consortium, that item of damages has long been recoverable . . . ." *Durham*, 745 N.E.2d at 765 (holding that "loss of consortium is a proper element of damages in a wrongful death action for the death of a spouse"). Accordingly, Ms. Andresen is permitted to seek damages for loss of consortium.

However, Indiana law is clear that punitive damages may not be awarded in a wrongful death action. *Durham*, 745 N.E.2d at 763 (explaining that even though it may be unfair as a matter of policy, "punitive damages are not recoverable under the wrongful death statute"); *Baker v. RGB USA, Inc.*, No. 4:09-CV-32-AS-PRC, 2009 WL 1863995, at *2 (N.D. Ind. June 26, 2009) (explaining that Indiana "law is clear that punitive damages cannot be awarded in a wrongful death case"); *Rogers v. R.J. Reynolds Tobacco Co.*, 557 N.E.2d 1045, 1056 (Ind. Ct. App. 1990) (same).[2] Accordingly, Ms. Andresen will not be permitted to seek punitive damages.

---

[2] In her response, Ms. Andresen relies on an unpublished decision from the Northern District of Indiana that did not dismiss punitive damages in a wrongful death action at an early stage in litigation. *Ryan ex rel. Est. of Ryan v. Philip Morris USA, Inc.*, No. 1:05 CV 162, 2006 WL 449207, at *5 (N.D. Ind. Feb. 22, 2006). In that case, the district court acknowledged the possibility that, given the early stage of litigation and the merger of claims under the Indiana Product Liability Act, dismissal at that early juncture was not appropriate. *Id.* However, as this Court explained above, Indiana's Survival Act caused any products liability claim to terminate after Jason Andresen's death. *See Technisand, Inc.*, 898 N.E.2d at 306 ("Pursuant to the Survival Act, Patty's products liability claim against Technisand terminated at her death; only the [Wrongful Death Act] claim survived."). Additionally, this

**D.     Conclusion**

For the reasons above, the Court will GRANT the motion for judgment on the pleadings. (DE 43.) To the extent that Ms. Andresen is asserting independent claims for loss of consortium or punitive damages, those claims are dismissed. Ms. Andresen is also barred from seeking punitive damages under Indiana's wrongful death statute. However, she may seek damages for loss of consortium.

SO ORDERED.

ENTERED: February 6, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court

---

Court does not believe reliance on this unpublished opinion is proper in the face of *Durham*, which clearly holds that punitive damages are not appropriate. *See also Collins v. Pfizer, Inc.*, No. 1:08-CV-0888-DFH-JMS, 2009 WL 126913, at *4 (S.D. Ind. Jan. 20, 2009) (declining to follow *Ryan* in favor of the clear holding in *Durham*).